LANE POWELL PC
Riley R. Moyer, State Bar No. 306790
moyerr@lanepowell.com
1420 5th Avenue, Suite 4200
Seattle, WA 98101
Telephone: 206-223-7049
Facsimile: 206-223-7107

*Attorney for Plaintiff Eurosun Technology, Ltd.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EUROSUN TECHNOLOGY, LTD., a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>HSIN SILK ROAD SHIPPING LTD., a Hong Kong corporation, *in personam*; and Container Nos. LYGU6136764; LYGU6137082; LYGU6137204; LYGU6136091; LYGU6136996; LYGU6136722; HPCU4146811; HPCU4146703; HPCU4146684; HPCU4146792; HPCU4146956; HPCU4145570; HPCU4147016; HPCU4146977; HPCU4146690; HPCU4147037; LYGU6137225; LYGU6136240; LYGU6136933; LYGU6137288; HPCU4145604; HPCU4145013; HPCU4145121; HPCU4145008; LYGU6136620, and their contents, *in rem*,<br><br>Defendants. | Cause No.<br><br>**COMPLAINT IN ADMIRALTY IN PERSONAM AND IN REM** |

COMES NOW plaintiff Eurosun Technology, Ltd. ("Eurosun"), as and for its Complaint against defendants Hsin Silk Road Shipping, Ltd. ("HSR") and Container Nos. LYGU6137082; LYGU6137204; LYGU6136091; LYGU6136996; LYGU6136722; HPCU4146811; HPCU4146703; HPCU4146684; HPCU4146792; HPCU4146956; HPCU4145570; HPCU4147016; HPCU4146977; HPCU4146690;

HPCU4147037; LYGU6137225; LYGU6136240; LYGU6136933; LYGU6137288; HPCU4145604; HPCU4145013; HPCU4145121; HPCU4145008; LYGU6136620, and their contents (the "*in rem* defendants"), and hereby alleges and avers as follows:

## PARTIES

1. Eurosun is a Hong Kong corporation with its primary place of business in Hong Kong which operates, *inter alia*, as the exporter of home exercise equipment from China.

2. HSR is an ocean common carrier as defined by 46 CFR 515.2 (h) and (m)(l).

3. The *in rem* defendants are twenty five 40' ocean shipping containers loaded with and containing various home exercise equipment which Eurosun intended to sell to U.S. importers, and of which Eurosun currently is the sole lawful owner. The *in rem* defendants' estimated value is $11,879,252.70.

## JURISDICTION AND VENUE

4. This is a case of admiralty and maritime subject-matter jurisdiction within the meaning of Fed. R. Civ. P. 9(h) and Fed. R. Civ. P. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C(2) and D, as hereinafter more fully appears.

5. On information and belief, the *in rem* defendants currently are within the Court's territorial jurisdiction at 6840 Van Buren Blvd, Riverside, CA 92509 at a facility operated by an entity believed to be known as "KY Spice."

6. The Court has admiralty jurisdiction over this action pursuant to 28 U.S.C. §1333, as it derives from maritime contracts that remain executory inasmuch as HSR's ocean bills of lading govern the transport of the cargo at issue through delivery, and delivery has not been effected.

444444.3453/9000792.1

7. The Court has personal jurisdiction based on the location of the *in rem* defendants; and the fact that the *in personam* defendant regularly transacts business within the Court's territorial jurisdiction, including the transaction at issue.

8. Venue in this Court is proper based on the location of property, witnesses and evidence within the Court's territorial jurisdiction.

## ALLEGATIONS OF OPERATIVE FACT

9. HSR entered into contracts of carriage with Eurosun by which HSR, as ocean carrier, agreed to transport cargo owned by Eurosun, i.e., the *in rem* defendants, from the Port of Ningbo, China to the Port of Los Angeles for ultimate delivery to named consignees in New York. Copies of said contracts of carriage, i.e., HSR's bills of lading, are attached hereto as Exhibit A and incorporated herein.

10. HSR transported the *in rem* defendants to the Port of Los Angeles on the vessel NOMADIC MILDE, operated by HSR, and offloaded the *in rem* defendants for storage at the address stated in paragraph 5 above.

11. Eurosun has taken all reasonable steps to pay all proper freight and ancillary charges due and owing for transport of the *in rem* defendants. Nonetheless, HSR has precluded the release of the *in rem* defendants to Eurosun or its named consignees.

12. Despite plaintiffs' repeated demands, HSR has failed and refused to deliver the *in rem* defendants to Eurosun, or to allow Eurosun to take possession of the *in rem* defendants.

## FIRST CAUSE OF ACTION
## BREACH OF MARITIME CONTRACT
## (HSR)

13. Eurosun repeats and realleges the allegations of paragraphs 1 through 12 as if fully stated herein.

14. HSR's bills of lading constitute maritime contracts between HSR and Eurosun by which HSR is obligated to deliver to Eurosun, or to Eurosun's designated consignees, the *in rem* defendants upon arrival.

3

15. By failing and refusing to deliver to Eurosun, or to Eurosun's designated consignees, the *in rem* defendants, HSR breached its contracts with Eurosun.

16. HSR's breach of its contracts with Eurosun proximately caused Eurosun to incur pecuniary damages in the amount of the *in rem* defendants' estimated value of $11,879,252.70.

17. Eurosun is entitled to judgment against HSR in the estimated amount of $11,879,252.70 as a result of HSR's breach of contract.

## SECOND CAUSE OF ACTION
## CONVERSION
## (HSR)

18. Eurosun repeats and realleges the allegations of paragraphs 1 through 17 as if fully stated herein.

19. HSR's failure and refusal to deliver to Eurosun, or to Eurosun's designated consignees, or allow Eurosun, or Eurosun's designated consignees, to take possession of the *in rem* defendants, and possession of the *in rem* defendants for its own use, constitute conversion.

20. HSR's conversion of the *in rem* defendants proximately caused Eurosun to incur pecuniary damages in the amount of the *in rem* defendants' estimated value of $11,879,252.70.

21. Eurosun is entitled to judgment against HSR in the estimated amount of $11,879,252.70 as a result of its conversion of the *in rem* defendants.

## THIRD CAUSE OF ACTION
## REPLEVIN
## (HSR AND THE *IN REM* DEFENDANTS)

22. Eurosun repeats and realleges the allegations of paragraphs 1 through 21 as if fully stated herein.

23. HSR has no ownership or possessory interest in the *in rem* defendants, and is wrongfully in possession of the same as herein alleged.

444444.3453/9000792.1

24. Eurosun is entitled to an order of replevin regarding the *in rem* defendants.

WHEREFORE, plaintiffs pray for relief as follows:

1   For an award of monetary damages in the amount of $11,879,252.70 against HSR as a result of its breach of contract and/or conversion;

2.   For an award of replevin of the in rem defendants;

3.   That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction issue against the in rem defendants, and that Eurosun have judgment against or possession of the in rem defendants;

4.   For an award of pre- and post-judgment interest and costs of suit incurred herein;

5.   For an award of Eurosun's costs and attorneys' fees incurred in the prosecution of this action; and

6.   For such other and further relief as the Court may deem just and proper.

DATED:  June 14, 2022

LANE POWELL PC

By: *s/ Riley R. Moyer*
Riley R. Moyer
*Attorney for Plaintiff Eurosun Technology, Ltd.*

State of __NY__,

County of __NY__, ss.

Steven Shen, being first duly sworn, says that he is the Vice President of Eurosun Technology, Ltd., that he has read the foregoing complaint, and that the same is true of his own knowledge.

_/s/ Steven Shen_

Steven Shen

Subscribed and sworn to before me on the 14th day of June, 2022
*[Notary information per statute]*

ALICE J. SETYON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SE6296359
Qualified in New York County
My Commission Expires 04-14-2022  4/14/2026